UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 99-8053
CIV-MIDDLEBROOKS

DOROTHY HENDERSON SWAIN,

    Plaintiff,

v.

INTRACOASTAL HEALTH SYSTEMS,
INC., a Florida Corporation d/b/a St.
Mary's Hospital,

    Defendant.

_____/

L.T. CASE NO.: 98-011501 AO

FLORIDA BAR NO.: 500704
MAGISTRATE JUDGE
GARBER

**DEFENDANT INTRACOASTAL HEALTH
SYSTEMS, INC.'S PETITION
FOR/NOTICE OF REMOVAL**

COMES NOW the Defendant, INTRACOASTAL HEALTH SYSTEMS, INC.

("INTRACOASTAL"), by and through its undersigned counsel, pursuant to Federal Rule of Civil

Procedure 81(c) and 28 U.S.C. §§ 1331, 1441, 1443 and 1446, and files this Petition for/Notice of

Removal of a state court action in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm

Beach County, in which it is pending, to the United States District Court, in and for the Southern

District of Florida and states:

    1.    The Plaintiff, DOROTHY HENDERSON SWAIN ("SWAIN"), has commenced this

civil action in the state court. The Complaint is founded, in part, upon a claim or right arising under

the Constitution, laws or treaties of the United States, for which the District Court has original

jurisdiction. Specifically, SWAIN seeks relief pursuant to Title VII of the Civil Rights Act of 1964,

42 U.S.C. Section 2000e, et. seq.

    2.    The only activity in the state court action has been the (i) filing of the Complaint on

Swain/Intracoastal         -1-        Petition for Removal



or about December 23, 1998; and (ii) service of summons on INTRACOASTAL on or about January 4, 1999.

3.      This Petition for/Notice of Removal is filed within thirty (30) days after INTRACOASTAL received the Complaint in this action.

4.      A copy and Notice of Filing this Petition for/Notice of Removal is being filed with the Clerk of the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

5.      Copies of all documents in the possession of INTRACOASTAL relating to the state court action, which are the Complaint and Summons (Exhibit "A"), are attached hereto.

WHEREFORE, Defendant INTRACOASTAL HEALTH SYSTEMS, INC. respectfully requests that this Court take jurisdiction of this action; remove this action from the state court; and grant such other and further relief as is deemed equitable and just.

.

FITZGERALD, HAWKINS, MAYANS &
   COOK, P.A.
ATTORNEYS FOR INTRACOASTAL
515 N. FLAGLER DRIVE, STE. 900
POST OFFICE BOX 3795
WEST PALM BEACH, FL 33402
(561) 832-8655 (Telephone)
(561) 832-8678 (Telecopier)


LYNN G. HAWKINS
Florida Bar Number:  500704

Swain/Intracoastal                      -2-                      Petition for Removal

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Defendant INTRACOASTAL HEALTH SYSTEMS, INC.'s Petition for/Notice of Removal has been provided to counsel for Plaintiff, MICHAEL D. BROWN, Brown & Associates, P.A., 2655 North Ocean Drive, Suite 200, Singer Island, Riviera Beach, Florida 33404 by U.S. Mail this 22nd day of January, 1999.

LYNN G. HAWKINS

IN THE CIRCUIT COURT FOR THE 15TH
JUDICIAL CIRCUIT OF FLORIDA, IN AND
FOR PALM BEACH COUNTY, FLORIDA

CASE NO.

**98** 011501 A0

DOROTHY HENDERSON SWAIN,

      Plaintiff,

v.

INTRACOASTAL HEALTH SYSTEMS, INC.
a Florida Corporation, d/b/a St.
Mary's Hospital

      Defendant

_____/

**SUMMONS**

DATE 1-4-99 TIME 1130 AM

PALM BEACH COUNTY

THE STATE OF FLORIDA:
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the Complaint
or Petition in this action on Defendant:

    Intracoastal Health Systems, Inc. DBA St Marys Hospital
    c/o Valerie Larcombe, Registered Agent
        1309 North Flagler Drive
      West Palm Beach, Florida 33401

Each Defendant is required to serve written defenses to the
Complaint or Petition on Plaintiff's attorney, whose name and
address is:

        MICHAEL D. BROWN, ESQUIRE
        BROWN & ASSOCIATES, P.A.
    2655 North Ocean Drive, Suite 200
      Riviera Beach, Florida 33404
  (561) 848-4306, (561) 842-6845 facsimile

within 20 days after service of this summons on that Defendant,
exclusive of the day of service, and to file the original of the
defenses with the Clerk of this Court either before service on
Plaintiff's attorney or immediately thereafter. If a Defendant
fails to do so, a default will be entered against that Defendant
for the relief demanded in the Complaint or Petition.

    DATED this ____ day  DEC 2 3 1998        , 1998

        DOROTHY H. WILKEN
        As Clerk of the Court

          **SUZANNE SHOEMAKER**

**Exhibit "A"** By: _____
            As Deputy Clerk

This notice is provided pursuant to Administrative Order No. 2.031-9/96

ENGLISH

In accordance with the American with Disabilities Act, persons in need of a special accommodation to participate n this proceeding or to access a court service, program or activity shall, within a reasonable time prior to any proceeding or need to access a service, program, or activity, contact the Administrative Office of the Court, 205 North Dixie Highway, Room 5.2500, West Palm Beach, Florida 33401, telephone (561) 355-2431, or 1-800-955-8771 (TDD), or 1-800-955-8770 (V), via Florida Relay Service.

SPANISH

De acuerdo con el Acta de los Americanos con Impedimentos, aquellas personas que necesiten de algún servicio especial para participar en este proceso o tener acceso a servicios, programas ó actividades, de la Corte deberán, dentro de un periodo rasonable antes de cualquier proceso o de tener necesidad de acceso a servicios, programas ó actividades, ponerse en contacto con la Oficina Administrativa de la Corte, que está situada en el 205 North Dixie Highway, oficina número 5.2500, West Palm Beach, Florida 33401, ó a los teléfonos (561) 355-2431 ó 1-800-955-8771 (TDD) y si usa el servicio Florida Relay Service al 1-800-955-8770 (V).

CREOLE

D'aprè akô ki té fet avek Akt Pou Amérikin ki Infim, tout moun ki genyen yon bézwen éspesyal pou akomodasyon pou yo patisipé nan pwosé obyen pou gin aks.  Sévis, pwogram ak aktivité tibinal-la, dwé nan yon tan rézonab anvan okin pwosé oubyen bezen aksé sévis, pwogram oubyen acktivité fet, yo dwé konta Ofis Tribinal-la ki nan 205 North Dixie Highway, Cham 5.2500, West Palm Beach, Florida 33401, niméro téléfonn-nan sé (561) 355-2431, ou byen 1-800-955-8771 (TDD) ou byen 1-800-955-8770 (V) an pasan pa Florida Relay Service.

FRENCH

En accordance avec l'Acte Pour les Américains Incapacités, les personnes en besoin d'une accomodation spéciale pour participer á ces procédures, ou bien pour avoir accé au service, progamme, ou activité de la Court doivent, dans un temps raisonable, avant aucune procedures ou besoin d'accés de service, programme ou activité, contacter l'Office Administrative de la Court, situé au numéro 205 N. dixie Highway, chambre 5.25.00, West Palm Beach, Florida 33401, le numéro de téléphone (561) 355-2431, ou 1-800-955-8771 (TDD), ou 1-800-955-8770 (V) ou par Florida Relay Service.

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.

**98 011501**

DOROTHY HENDERSON SWAIN,

      Plaintiff,

vs.

INTRACOASTAL HEALTH SYSTEMS, INC., a Florida corporation, d/b/a ST. MARY'S HOSPITAL.

      Defendant.

_____/

COPY
ORIGINAL RECEIVED FOR FILING

DEC 23 1998

DOROTHY H. WILKEN
CLERK OF CIRCUIT COURT
CIRCUIT CIVIL DIVISION

## COMPLAINT

DOROTHY HENDERSON SWAIN hereinafter ("Plaintiff") sues Defendant, INTRACOASTAL HEALTH SYSTEMS, INC., d/b/a St. Mary's Hospital hereinafter ("Defendant") for employment discrimination pursuant to Title VII of the Civil Rights Act of 1991, 42 USC § 2000E et. seq. and Palm Beach County Ordinance 95-31 and in support thereof states as follows:

1. The jurisdiction in this Court is proper since this is an equitable and legal claim for damages in excess of $15,000.00 excluding costs and interest.

2. Venue is proper in Palm Beach County because Plaintiff resides and Defendant conducts business in Palm Beach County, Florida.

3. Plaintiff is a natural person residing in Palm Beach County, Florida. At all times relevant hereto Plaintiff was an employee of the Defendant.

4. Defendant is a corporation authorized to do business in

BROWN & ASSOCIATES, P.A., ATTORNEYS AND COUNSELORS AT LAW

the State of Florida, and is doing business in the State of Florida as St. Mary's Hospital. At all times relevant hereto Defendant was Plaintiff's employer as the term is defined by Title VII of the Civil Rights of 1991. Defendant employed at least fifteen employees for twenty or more weeks in the current or preceding calendar year.

5. Plaintiff has worked for Defendant for approximately six years. Plaintiff worked competently and responsibly as a mental health technician in the St. Mary's Hospital Psychiatric Ward.

6. Beginning in 1995 Defendant commenced a practice of discriminating against Plaintiff based upon her gender. The discrimination consisted of denying Plaintiff the opportunity to continue to work in her capacity on the psychiatric ward at the Defendant's hospital by refusing and failing to schedule Plaintiff to work during the normal work periods. Defendant took these actions against Plaintiff because of her gender and the conduct offended Plaintiff and adversely affected the terms and conditions her employment.

7. On several occasions, Plaintiff complained to the Defendant that she and other co-workers were being denied the opportunity to work and being discriminated against by the Defendant based upon their gender. Defendant through its agents had actual or constructive knowledge of its unlawful actions.

8. Despite its actual knowledge Defendant failed and refused to take remedial action to correct this unlawful conduct and failed to conduct an investigation pertaining to Plaintiff's complaints.

2

BROWN & ASSOCIATES, P.A., ATTORNEYS AND COUNSELORS AT LAW

Instead, Defendant retaliated against Plaintiff by falsely accusing her of wrong doing, and by further diminishing her opportunity to work.

9. Plaintiff filed a charge of discrimination with the Palm Beach County Office of Equal Opportunity, when it became clear that Defendant was not taking any remedial actions in response to her complaint.

10. As a result of the harassment, Defendant's failure to remedy the hostile environment as well as the retaliatory actions taken by the Defendant against Plaintiff, Plaintiff has suffered severe economic and emotional damages.

11. Plaintiff has timely filed charges of discrimination with the EEOC. True and correct copies of said charges are attached hereto as Composite Exhibit 1.

12. The EEOC has issued a Notice of Right Sue dated September 29, 1998. A true and correct copies of the Notices are attached hereto as Composite Exhibit 2.

13. Plaintiff has sued the Defendant within ninety days of her receipt of the Notices of Rights to Sue.

## COUNT I

### VIOLATION OF COUNTY ORDINANCE 95-31

14. Plaintiff realleges and incorporates into Count I paragraphs 1 through 13 above.

15. This is an action brought against the Defendant pursuant to Palm Beach County Ordinance 95-31.

16. Defendant discriminated against Plaintiff based upon her

3

BROWN & ASSOCIATES, P.A., ATTORNEYS AND COUNSELORS AT LAW

gender in violation of Palm Beach County Ordinance 95-31.

17. As a direct result of Defendant's unlawful employment practices Plaintiff has suffered economic damages and emotional damages, and will continue to suffer economic and emotional damages in the future.

18. Plaintiff has retained the below listed law firm and is obligated to pay it a reasonable attorneys' fee.

WHEREFORE Plaintiff requests that this Court enter Judgment in favor of Plaintiff for compensatory damages, including lost wages, benefits and damages for mental pain and suffering. Plaintiff further demands that this Court place her in a position that she would be in, but for the unlawful discrimination; issue a preliminary and permanent injunction against the Defendant prohibiting it from discriminating and retaliating against Plaintiff; award Plaintiff reasonable attorney fees and costs, and asses punitive damages against Defendant for its willful and intentionally violations of Plaintiff's right.

## COUNT II

### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

19. Plaintiff realleges and incorporates into Count II paragraphs 1 through 13 as fully set forth herein.

20. This action is brought against the Defendant pursuant to Title VII of the Civil Rights Act, providing for protection of all persons in the civil rights in employment.

21. Plaintiff has exhausted all administrative remedies and satisfied all conditions precedent as required by Title VII.

4

BROWN & ASSOCIATES, P.A., ATTORNEYS AND COUNSELORS AT LAW

22.   Defendant discriminated against Plaintiff because of her gender in violation of Title VII by participating in and failing to correct gender based discrimination which Defendant was aware of, or should have been aware of.

23.   Defendant has also violated Title VII by retaliating against Plaintiff for engaging in activities protected by Title VII.

24.   As a direct result of Defendant's unlawful employment practices, Plaintiff has suffered economic damages and has suffered emotional damages and will continue to suffer economic and emotional damages in the future.

25.   Plaintiff has retained the below listed law firm and is obligated to pay it a reasonable attorneys' fee.

WHEREFORE, Plaintiff demand judgment against the Defendant for compensatory damages, including lost wages, benefits, and damages for mental pain and suffering.   Furthermore Plaintiff demands that she be placed in the position she would have been, but for the unlawful discrimination.   Plaintiff further requests that this Court issue a preliminary and permanent injunction against the Defendant prohibiting it from discrimination and retaliation against Plaintiff and award Plaintiff reasonable attorney fees and costs.   Furthermore Plaintiff request that this Court assess punitive damages against the Defendant for its willful and intentional violation of Plaintiff's Civil Rights.

## COUNT III

### DISPARATE PAY

5

24. Plaintiff realleges and incorporates into Count II paragraphs 1 through 13 as fully set forth herein.

25. This action is brought against the Defendant pursuant to Title VII of the Civil Rights Act providing for protection of all persons and their civil rights in employment.

26. Plaintiff has exhausted all administrative remedies and satisfied all conditions precedent to bring this action as required by Title VII.

27. Defendant has discriminated against Plaintiff because of her gender in violation of §703(a) of Title VII by paying her less than similar situated male employees and by treating her disparately in the availability and awarding of pay raises and/or merit increases.

28. As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has suffered compensatory damages, and emotional damages, and will continue to suffer compensatory and emotional damages in the future.

WHEREFORE, Plaintiff demands that this Court enter a Judgment against Defendant for compensatory damages, including lost wages, benefits, and damages for mental pain and suffering. Plaintiff also demands that this Court place her in a position that she would be in, but for the unlawful discrimination committed by Defendant. Plaintiff further request that this court issue a preliminary and permanent injunction against the Defendant, prohibiting it from discrimination and retaliation against Plaintiff; assess punitive damages against Defendant for its willful and intentional

6

BROWN & ASSOCIATES, P.A., ATTORNEYS AND COUNSELORS AT LAW

violations of Plaintiff's civil rights; and award Plaintiff a reasonable attorney fees an costs.

Plaintiff demands a trial by jury on all triable issues.

DATED this 22 day of December, 1998.

BROWN & ASSOCIATES, P.A.
2655 North Ocean Drive
Suite 200,   Singer Island
Riviera Beach, Florida 33404
(561) 848-4306 (561) 842-6845 fax

By: _____
          MICHAEL D. BROWN, ESQUIRE
          Fla Bar No. 0727180

7

U.S. Eq.    Employment Opportunity Commission

## DISMISSAL AND NOTICE OF RIGHT

| | |
|---|---|
| Dorothy Henderson Swain<br><br>719 West Tiffany Drive, #4<br><br>West Palm Beach, FL 33407<br><br>[ ]   *On behalf of a person aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR § 1601.7(a))* | **From:**   Miami District Office<br>Equal Employment Opportunity Commission<br>One Biscayne Tower, Suite 2700<br>2 South Biscayne Boulevard<br>Miami, Florida 33131-1805 |

| Charge Number<br>15M980201 | EEOC Representative<br>James Colon, State & Local Coordinator | Telephone No.<br>(305) 536-4454 |
|---|---|---|

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   We cannot investigate your charge because it was not filed within the time limit required by law.

[ ]   Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]   While reasonable efforts were made to locate you, we were not able to do so.

[ ]   You had 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigate this charge.

[ ]   Other *(briefly state)* _____

### -- NOTICE OF SUIT RIGHTS --
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or Age Discrimination in Employment Act:** This will be the only notice of dismis and of your right to sue that we will send you. You may pursue this matter further by bringing suit in federal or state court against the respondent(s) named in the charge. If you decide to sue, you must sue **WITHIN 90 DAYS** from your receipt of this Notice. Otherwise your right to sue based on the above-numbered charge will be lost.

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may n collectible. (If you file suit, please send a copy of your court complaint to this office.)

On behalf of the Commission

## SEP 30 1998

_____
*(Date Mailed)*

Federico Costales, District Director

cc:

St. Mary's Medical Center

c/o Lynn G. Hawkins, Esq.

Fitzgerald, Hawkins, Mayans & Cook, P.A.

Post Office Box 3795

West Palm Beach, FL 33402

Michael D. Brown, Esq.

2655 N. Ocean Drive, Suite 200

Singer Island

Riviera Beach, FL 33404

EEOC

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**'RIVATE SUIT RIGHTS --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file lawsuit against the respondent(s) named in the charge **within 90 days of the date you receive this Notice.** Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was mailed to you** (as indicated where the Notice is signed).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: backpay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/96 to 12/1/96, you should file suit before 7/1/98 -- not 12/1/98 -- in order to recover unpaid wages due for July 1996. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION -- Title VII and the ADA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect c obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charges are kept for at least ( months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

**IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.**



**PALM BEACH COUNTY
BOARD OF COUNTY COMMISSIONERS
OFFICE OF EQUAL OPPORTUNITY**

EEOC Case No.  15M-97-0190
FEPA Case No.  97-05-0216

**Administration**

ce of Equal Opportunity

N. Olive Avenue. Suite 130

cst Palm Beach, FL 33401

(561) 355-4883

FAX: (561) 355-4932

·//www.co.palm-beach.fl.us

■

**Palm Beach County
Board of County
Commissioners**

·urt Aaronson, Chairman

aude Ford Lee, Vice Chair

Karen T. Marcus

Carol A. Roberts

Warren H Newell

Mary McCarty

Ken L. Foster

**County Administrator**

Robert Weisman, P.E.

"An Equal Opportunity
ffirmative Action Employer"

Dorothy J. Henderson,

     Complainant,

v.

Intracoastal Health System, d/b/a
Saint Mary's Hospital,

     Respondent.

_____/

## DETERMINATION OF REASONABLE GROUNDS

Under the authority vested in me as Director, Palm Beach County Office of Equal Opportunity, I issue the following determination based upon the merits of the complaint.

### JURISDICTION:
Respondent is an employer within the meaning and intent of Palm Beach County Ordinance 95-31 (the Equal Employment Opportunity Ordinance) and Title VII of the Civil Rights Act of 1964, as amended, and is subject to the provisions of the county ordinance and the federal statute.  The charging party is in a protected class based upon her gender (female).   A charge of discrimination was timely filed with the Office of Equal Opportunity on May 29, 1997 and also dual-filed with the U. S. Equal Employment Opportunity Commission.   All jurisdictional requirements have been met.

### COMPLAINANT'S ALLEGATIONS:
Complainant alleges that she was employed by the respondent as a mental health technician and that periodically she was told not to report for her shift because a male was needed in the unit.

### RESPONDENT'S DEFENSES:
Respondent asserts that the charging party was requested not to report to work because of non-gender related staffing problems.

Composite Exhibit "I"

printed on recycled paper



**Dorothy J. Henderson v. Intracoastal Health Systems, Inc.**
**PBEO No. 97-05-0216 \ EEOC No. 15M 97 0190**
**Page 2**

## FINDINGS AND CONCLUSIONS:

In order to establish a *prima facie* case of discrimination under Title VII (and similarly under Palm Beach County Ordinance 95-31), an employee must show : (1) that she is in a protected class; (2) that she was qualified for her position; (3) that she suffered an adverse effect in her position; and (4) that she suffered from differential application of work rules. The charging party is able to show that she is in a protected class, that she was qualified for the position of mental health technician and that she lost income when respondent canceled her shifts. Additionally, the charging party has shown that the shift changes were done so that respondent could have male technicians on each shift.

Once a *prima face* case of discrimination is established, the employer is required to "articulate legitimate, nondiscriminatory reasons" to rebut the *prima facie* case. Respondent contends that it did not have a policy preferring males. Respondent also asserts that the charging party's shifts were canceled because of low patient census count. Thus, respondent has met its burden of articulating reasons for the adverse employment action. When an employer is successful in rebutting the prima case, the employee can still prevail by demonstrating that the articulated reasons are not the true reasons for the challenged employment actions. This can be done directly by showing that a discriminatory reason more likely motivated the employer, or indirectly, by showing that the employer's proffered explanation is unworthy of credence.

The investigative evidence shows that at least three (3) female mental health technicians corroborated the charging party's allegations. Each of these individuals indicated that they had likewise been told not to come to work on various occasions because the respondent needed a male for security reasons, or in the event of a violent situation with a patient. There is no evidence presented by the respondent that there was a bona fide job specification for male technicians that was different from females. Thus, the investigative evidence supports a finding that the respondent's articulated reasons are pretextual as respondent's statements are directly contradicted by the witnesses.. Based on the totality of evidence of record, it is concluded that the respondent's articulated reasons for its employment actions are not credible.

Accordingly, based upon the foregoing information, analysis and the evidence gathered during the investigation conducted by the Office of Equal Opportunity it is concluded that there are reasonable grounds to believe that there has been a violation of the Ordinance and the federal statute, as alleged.

Dated this _____9th_____ day of _____June_____, 1998.

HARRY L. LAMB, JR.
Director, Office of Equal Opportunity

Copies Furnished:   Parties of record

Office of Equal Opportunity
215 North Olive Avenue, Suite 130
West Palm Beach, FL 33401

# EMPLOYMENT DISCRIMINATION CHARGE QUESTIONNAIRE

This Form is affected by the Privacy Act of 1974; see Privacy Act Statement on back before completing this form.

Discrimination Was Based on My: (Please check and fill in)

☐ Race _____   ☐ Color _____   ☐ National Origin _____   ☒ Sex _____   ☐ Disability _____
☐ Age _____   ☐ Religion _____   ☐ Other _____

Please answer the following questions, telling us briefly why you believe you have been discriminated against in employment. An officer of the Office of Equal Opportunity will talk with you (if necessary) after you complete this form.

Date of Birth: 4/30/55   Social Security Number: 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
(Please Print Legible)

Name: DOROTHY   J   HENDERSON   Date:
(First)   (Middle name or initial)   (Last)

Address: 719 West TIFFANY DR #4   Telephone: (include area code) (561) 844-0862

City: W.P.B   State: FL   Zip: 33407   County: PAlm BeAch

I believe I was discriminated against by: (Check those that apply)
☒ Employer   ☐ Union (Give Local No.)   ☐ Employment Agency   ☐ Other (specify)

Number of Employees: _____   Type of Business: _____

Company: St MARY HOSPITAL   Company: _____

Address: 901 45th St   Address: _____

Telephone: (include area code) (561) 540-6069   Telephone: (include area code) _____

City, State, Zip: WPB 71 33407 County: PAlm BeAch   City, State, Zip: 33407   County: PAlm BeAcH

If you checked "Employer" above, are you now employed by the Employer that you believed discriminated against you?

YES: From 3/2/92   NO: I applied for _____   OR: I was employed as _____
(date)   (Position)   (Position)

MHT   _____   Until Date _____   I was _____
(Current Position)   (Date)   (Laid off, fired ect.)

What action was taken against you that you believe to be discriminatory? What harm, if any, was caused to you or others in your work situation as a result of that action? (If more space is required, attach additional sheet.)

The Action that was Taken against me is when they Call me And Tell me that I am Cancelled because They need a MAle to work. And the male who Replace me don't have the years of Experince or the years of seniority at st mary Hospital.
Erine MAchodo has 2 yrs of serives (Winter 95)
Richard Blachard has 1 yr (Spring 95)

WHAT WAS THE MOST RECENT DATE THE HARM YOU ALLEGED TOOK PLACE? 5/7/97
(DATE)

PBC 1E (12/96)

Please refrain from writing on the back   Started 9/96

1

# EMPLOYMENT DISCR~ ...ATION CHARGE QUESTION~ ~ ~

Why do you believe this action was taken against you? (Attach additional sheet if necessary)

I feel this action was taken against me because of my sex. I have all the requirement for my job. I go through the same training that the males do. I am up to date on my C.P.R, C.P.I, OSHA category II and OSHA category III. The only difference is that I am a female.

Normally, your identity as a complainant will be disclosed to the organization which allegedly discriminated against you.
Do you       ☐ consent or       ☐ not consent       to such disclosures?

Have you sought assistance about the action you think was discriminatory from any agency, from your union, an attorney, or any other source?       ☐ no       ☐ Yes       (If answer is yes, complete below)

NAME OF SOURCE ASSISTANCE:_____ DATE:_____

RESULTS IF ANY: _____

Have you filed an EEOC/OEO Charge in the past?       ☒ No       ☐ Yes       (If answer is yes, complete below)

APPROX. DATE FILED: _____ CHARGE NUMBER (IF KNOWN): _____

ORGANIZATION CHARGE: _____

I declare under penalty of perjury that the foregoing is true and correct.

Signature: _Dorothy Henderson_       Date: _May 8, 1997_

Privacy Act Statement: This form is covered by the Privacy Act of 1974: Public Law 93-579 Authority for requesting personal data and the uses thereof are:

1.   FORM NUMBER/TITLE/DATE. EEOC/OEO Form 283, Charge Questionnaire (12/93).
2.   AUTHORITY. 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211; 29 U.S.C. § 626 42 U.S.C. 12117(a)
3.   PRINCIPAL PURPOSE. The purpose of this questionnaire is to solicit information in an acceptable form consistent with statutory requirements to enable the Commission to act on matters within its jurisdiction. When this form constitutes the only timely written statement of allegations of employment discrimination, the Commission will, consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(b), consider it to be a sufficient charge of discrimination under the relevant statute(s).
4.   ROUTINE USES. Information provided on this will be used by Commission employees to determine the existence of facts relevant to a decision as to whether the Commission has jurisdiction over allegations of employment discrimination and to provide such charge filing counseling as is appropriate. Information provided on this form may be disclosed to other State, local and federal agencies as may be appropriate or necessary to carrying out the Commission's functions. Information my also be disclosed to charging parties in consideration of or in connection with litigation
5.   WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. The providing of this information is

OEO USE ONLY-CHECK THOSE THAT APPLY AND IF CHARGE NOT DRAFTED, EXPLAIN SELECTION(S) IN SPACE PROVIDED OR USE ADDITIONAL SHEET.

| No Jurisdiction | Not Covered | | Failed to state claim | | No employee/employer relationship | | Not enough employee | |
|---|---|---|---|---|---|---|---|---|
| Untimely / DOV = | | | Private Membership Club | | Other: | | | |

Explanation:

Additional Information

On Friday April 18, 1997 3:30 pm I MET with Jerry Goeman The Director of Human Resource of St Mary Hospital, And I Stated To him that I Felt thAT I was being Treated unfair because I was being cancelled becase I was A female. AT This Time mr Goeman "STATed that it should be oont by Seniority. Not by sex." he Also STATed thAT HE would look into this MATTER.

April 28. when I got to work Linda Marscella "State o that she was teying to call me To CANcelled me for the night but since I was already there I can stAy for the 8-12ᴺ. I saw the DIRECTOR of IMH (mary) And I Ask To speak to her in her offices. Linda Marsella was Also present. MARy "stated to me the Reason they Need the Male was because the unit is isolative from the other pArt of the hospitAl. but there have been Times when there were only females on the unit. St MARy Hospital Have 24hr Security plus a police Dept on the grounds.

So Now when they call to CANcelled me they offer me 4hr a shi and we work 12hr Shift so That Adds up to 12hr week. I Am A full time employer AT St MARy And I Feel thAT I Am being discriminated because of my sex. "I Ask Linda Marsella. becaus I Am A female I still HAVE To pay Oills" She STATed I don't know hAT To Tell you.

Please refrain from writing on the back

3

# AFFIDAVIT

Title VII/ADEA/EPA-mail

I, __DoRoThy  HEnDERSoN__ being first duly sworn upon my oath affirm and hereby say:
(Name)

I have been given assurances by an Agent of the U.S. Equal Employment Opportunity Commission that this Affidavit will be considered confidential by the United States Government and will not be disclosed as long as the case remains open unless it becomes necessary for the Government to produce the affidavit in a formal proceeding. Upon the closing of this case, the Affidavit may be subject to disclosure in accordance with Agency policy.

I am __42__ years of age, my gender is __FEMALE__ and my racial identity is __bLACK__.

I reside at __719  W, TiFFANY  DR #4__,

City of __W. P. B__, County of __PAlm  Beach__,

State of __FloRiDA__, Zip Code __33407__.

My telephone number is (including area code) __561 - 844 - 0862__.

My statement concerns __ST  MARY  HOSPiTAL__ which is located
(Name of Union/Company/Agency)

at __901  45Th  STREET__,
(Number/Street)

in __W. P. B__ __FL__ __33407__.
(City)    (State)    (Zip)

My job classification is (if applicable) __MHT__; Date of Hire __3/2/92__
(Job Title)

My immediate supervisor (if applicable) __BeCKY  Labare__ __NSG  MANAGER__.
(Name)    (Job Title)

1. State the basis for your belief that you were discriminated against.

She reason I Feel that I have been discriminated against is because the Charge Nurse Call And "States you are being cancelled And we need a male." To Replace

2. How many employees work for your employer or former employer?


3. What is the nature of the company's business?


4. Describe your job title, department and duties at the time of the alleged discriminatory actions.

MHT Job TiTLE

Responsible For direct patient care, Including Assistance with Activities oF daily Living and performing Routine technical Nursing Assigment

__D.H.__ Page __1__ of __3__
(Initials)

Name: Dorothy Henderson

5. Describe your work history, experience, and education.

14 yrs of psych experience  1 1/2 of College. P.B.C.C. (nursing)
3 yr of College (psych major)

6. Describe your work performance and last performance evaluation.

my work performance is good and my last
evaluation was excellence.

7. Have you received any disciplinary actions? If so, state the type of action and date.

NO

8. What are the incidents that led to the alleged discriminatory treatment?

because They stated that The census are Low.

9. Who committed violations similar to those you were accused of making and how did the company deal with them? Identify each person by name, job held, sex, race, national origin, age, etc.

10. What policy or practice do you believe was applied in a discriminatory manner?

There is no policy Male or female we all have
the same Job Title and do the same Job...

11. What reason did the company give for subjecting you to the alleged discriminatory treatment?

"stated that I was A female and They Needed A
MALE To WORK.

12. Identify all persons who were treated differently from the manner in which you were treated.

Alfreda Lewis
Portia Smith
Kathy whitworth

_____ Page 2 of 3
(Initials)

Name: _Dorothy HENDERSON_

13. Provide name, address and telephone number for each witness.  Explain what each witness can attest to.

Alfreda Lewis 5040 Society East Unit C W.P.B. FL 33405
  "Cancelled because of sex                    (561) 471-0146
Portia Smith (561) 882-9323  619 43rd St  W.P.B. FL 33407
  "Cancelled because we need a male.
Linda Marsella 901 45th St. St Mary Hospital (ImH) 840-6069
     W.P.B FL 33407.

  "States you are cancelled because we need a male To work.
Dan Panfil 901 45th St. St Mary Hospital (ImH) 840-6069
Cancelled because of sex       W.P.B FL 33407
Cheryl Reeder - cancelle because of sex
   901 45th st. St Mary Hospital (ImH) 840-6069    Grace Ivory 901 45th St
**If needed, Additional pages may be added**                  St Mary Hospital (ImH)

I have read this Affidavit consisting of __3__ handwritten ☑ typed ☐ pages and swear that these facts are true and correct to the best of my knowledge and belief.

Dorothy Henderson

Subscribed and sworn to the before me

this __8th__ day of __May__ 1997 _____.

Stanley C. Strut

Notary Seal, Number, Signature
MY COMMISSION # CC626344 EXPIRES
March 3, 2001
BONDED THRU TROY FAIN INSURANCE, INC.

_DH_____  Page _3_ of _3_
(Initials)

## 2. FOCUS OF THE COMPLAINT

**Charging Party's Allegations:** The charging party, who was employed by respondent as a mental health technician, alleges that she was periodically told not to report for her shift because respondent needed to have a male in the unit.

**Respondent's Position:** Initially, respondent alleged that the charging party was a poor performer and was sleeping on the job; however, respondent subsequently alleged that the charging party was requested not to report due to non-gender-related staffing problems. Most recently, respondent has alleged that Florida law requires the presence of male mental health technicians in facilities such as respondent's.

**Examination of Pretext:** Respondent's defenses have been tested for pretext and the defenses are found to be pretextual.

**Predetermination Interviews:** Pre-determination interviews were conducted with respondent's human resources vice president, Michael Meeks, on September 19 and 24, 1997. The factual basis for the recommendation has been explained to Mr. Meeks.

**Other Aggrieved Parties:** There are other aggrieved and potentially aggrieved parties, including Portia Smith, Naomi Polland, and Alfreda Lewis.

## 3. SUMMARY OF INVESTIGATIVE FINDINGS

The charging party was employed as a mental health technician in respondent's in-patient mental health ward at St. Mary's Hospital. The charging party alleges that during various times in her employment, she was instructed not to report to work because respondent needed a male for security reasons. The charging party alleges that there was no bona-fide reason to have a male on the floor, that females received the same training and performed the same duties as males, including restraining, bathing, and searching male patients.

Three witnesses, Portia Smith, Alfreda Lewis, and Naomi Polland support the charging party's position. Smith testified that she worked as a mental health technician from 1982 through 1996, and was also told not to report because respondent needed males for security reasons. Smith testified that females technicians performed the same job duties as male technicians, including restraining, bathing, and searching male patients.

Lewis testified that she worked in the mental health unit

2

until November 1996, and quit as a result of the repeated cancellations due to the purported need for a male on the floor. Lewis stated that when she questioned this practice, she was labeled a "troublemaker."

Finally, Naomi Pollard, a nurse/technician, testified that she worked in the mental health unit since 1991, and was told not to come in on various occasions because they needed a male in the event of a violent situation. Pollard stated that the females perform the same job duties as the males, including bathing and changing the patients' clothes. She stated that she was canceled at least once during each bi-weekly pay period, sometimes twice.

Former nurse/manager, Judy Cain, was interviewed during the investigation, and she would not agree to a tape-recorded statement. During the interview Cain stated that employees were called off due to over staffing problems, but that "it [was] preferable to have a male on staff at all times." She stated that she did not recall whether females were called and told not to come in because of the need for a male technician.

Although initially respondent alleged that the charging party was canceled due to performance issues and sleeping on the job, it abandoned this position and provided a statement on September 2, 1997, alleging that there is no policy that prescribes that males are preferred or required. Subsequently, respondent alluded to some requirement in Florida Statutes for having a male on the floor, but abandoned this position as well. Respondent has offered no witnesses or evidence in support of its position and stated that it will not assert a "bona fide occupational qualification" defense in this instance. Respondent's Job Specifications for the mental health technician are not gender-specific vis-a-vis any job duties.

### 4. ANALYSIS

Palm Beach County Ordinance 95-31 and Title VII prohibit discrimination in the terms and conditions of employment on the basis of gender. The unrefuted evidence in this case shows differential treatment on the basis of gender insofar as respondent has called off female mental health technicians because of the purported need to have a male technician on the floor in the event of violent situations. This appears to be based upon some stereotypical notion that males can better handle violent patients than females. The charging party has established a *prima facie* case of disparate treatment. Respondent has failed to articulate legitimate, non-discriminatory reasons for this action. Thus, the investigator's recommendation is that a reasonable cause

determination issue for the charging party.

**C.     RECOMMENDATION:** Based upon the information and evidence gathered during this investigation, it is recommended that a Determination be issued finding that there is reasonable cause to believe that violations of Ordinance 95-31, and Title VII have occurred.

**D.     MANAGER'S APPROVAL:**

I (concur) (do not concur) with the investigator's recommendation.

_____          6/9/9_ ⁢
Harry L. Lamb, Jr., Director              Date
Palm Beach County
Office of Equal Opportunity

4

Dorothy Henderson
8.9.97

I was unable to work and they put a male in my place. I am a mental health specialist. We do counseling and patient care. Worked at St. Mary's Hospital. In-patient ward. They are in one unit, and consist of males and females. Was told that they needed a male. Supervisor was there was fired, Mary Andrews. She stipulated that they had to have a male on the unit. In the meantime have 24-hour security. Not a bona-fide reason to me to have a male. People can become very violent. Male and I are trained to go through the same training program. I have witnesses.

Full-time mental health specialists (7), 5 males and 2 females.
Part-time person. None. Have per diem. On call have 3 steady.
I am still working full-time. I filed complaint in May, have not been canceled once. Have not been told can't work because I am a female. I was upset because I have lost all my credit cards, I have messed up my credit, my life is all screwed up.

Canceled means tells you cannot come in today need a male to come in. Male worked and I didn't work. Have lost time due to being told not to come in. Last year made $17,000. Salary supposed to be $24,000. Whole pay period would pass, but wouldn't get to work.

Have been full-time for five years. Some times I have been canceled for have been there two years, or one year and a half. I am canceled.
My status is full-time.

Other females have been told the same thing. Coworker resigned from the job because she can't pay the bills. No males on the floor and c.p. told not to come in.

Females takes care of males and females. Bathe patients. Females can bathe patients. Restrictions on what males can do, cannot bathe females. Have policies and procedures. Have copy of my job description, and schedule. Will bring in documentation.

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

99-8053

**(a) PLAINTIFFS**

Dorothy Henderson Swain

**DEFENDANTS** CIV-MIDDLEBROOKS

Intracoastal Health Systems, Inc., a Florida corporation, d/b/a St. Mary's Hospital

MAGISTRATE JUDGE

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Palm Beach GARBER
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Michael D. Brown        (561) 848-4306
Brown & Associates, P.A., Suite 200
2655 North Ocean Drive, Riviera Beach, FL 33404

ATTORNEYS (IF KNOWN)    Lynn G. Hawkins   561-832-8655
FitzGerald, Hawkins, Mayans & Cook, P.A.
515 N. Flagler Drive, Suite 900
West Palm Beach, FL 33401

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, (PALM BEACH), MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med. Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | **PERSONAL PROPERTY** | B☐ 640 R.R. & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | A☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Title VII, 42 U.S.C. SS2000e

LENGTH OF TRIAL via 4 days estimated (for both sides to try entire case)      Gender Discrimination

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions)
JUDGE _____   DOCKET NUMBER _____

DATE 1/22/99

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 709 899   AMOUNT $150.00   APPLYING IFP _____   JUDGE Middlebrooks   MAG. JUDGE Garber